J-S32030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN COLON | : | |
| | : | |
| Appellant | : | No. 533 MDA 2023 |

Appeal from the PCRA Order Entered March 23, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002699-2019,
CP-22-CR-0002865-2019, CP-22-CR-0003310-2018

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: NOVEMBER 6, 2023**

Brian Colon appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On April 8, 2021, Colon entered a negotiated guilty plea to multiple offenses at three separate dockets in return for an aggregate sentence of three to six years of imprisonment and a consecutive two-year probationary term.  That same day the trial court imposed this sentence on Colon.  He filed neither post-sentence motions nor a direct appeal.

On December 23, 2022, Colon filed a *pro se* document entitled a "Motion for *Nunc Pro Tunc* § 9543(a)(2)(iii) PCRA."  Treating this filing as a PCRA petition, the PCRA court appointed counsel.  After being granted a time

extension, PCRA counsel submitted a "no-merit" letter and a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 16, 2023, the PCRA court granted counsel's motion to withdraw. The court also filed a Pa.R.A.P. 907 notice of its intent to dismiss Colon's petition without a hearing, because it was untimely filed and Colon failed to establish a time-bar exception. Colon filed a *pro se* response. By order entered March 23, 2023, the PCRA court dismissed Colon's petition. This appeal followed.[1] The PCRA court did not require Pa.R.A.P. 1925 compliance.

Colon raises the following two issues on appeal:

> Whether the actions, and judgment exercised by the PCRA court misapplied the law and were manifestly unreasonable, which is therefore an abuse of discretion and legal error of law in violation of Rules of Criminal Procedure 907 and Rules of Criminal Procedure 590?

> Whether the actions, and judgment exercised by the PCRA court misapplied the law and were manifestly unreasonable, which is therefore and abuse of discretion and legal error of law in violation of Rules of Juvenile Court Procedure 622?

**See** Colon's Brief at 4.

---

[1] Contrary to the express language of newly amended Pa.R.A.P. 902, Colon did not file a separate notice of appeal "in each docket in which the order has been entered." Rule 902(a). Because this defect does not affect the validity of this appeal, we have the discretion to take whatever action we deem appropriate, including "a remand of the matter to the trial court so that the omitted procedural step may be taken." **Id.** As Colon's PCRA petition is untimely, **see infra**, we choose to overlook this procedural defect.

Before addressing Colon's substantive claims, however, we must first determine whether the PCRA court correctly concluded that Colon's PCRA petition was untimely filed, and that he failed to establish an exception to the time bar.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time bar is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction

over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Colon's judgment of sentence became final on May 10, 2023, thirty days after the time for filing an appeal to this Court expired.[2] ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Colon had until May 10, 2022, to file a timely petition. Because Colon filed the petition at issue in December 2022, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Our review of Colon's PCRA petition reveals that he failed to plead or prove the applicability of any of the PCRA's timeliness exceptions. Therefore, his petition is untimely, and this Court, like the PCRA court, is without jurisdiction to consider the merits of this appeal. ***Derrickson***, ***supra***.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/06/2023</u>

_____

[2] Because the thirtieth day following the imposition of sentence fell on a Saturday, Colon had until the following Monday to file a timely appeal. ***See generally*** 1 Pa.C.S.A. § 1908.